757

[Civ. No. 11289. First Appellate District, Division One.—May 1, 1940.]

ANGIE WINGARD et al., Appellants, v. LOS ANGELES & SALT LAKE RAILROAD COMPANY (a Corporation), Respondent.

George Appell, Cyril Moss, Milton M. Maharam and Bernard W. Freund for Appellants.

E. E. Bennett, Malcolm David and Edward C. Renwick for Respondent.

PETERS, P. J.—Plaintiffs appeal from a judgment dismissing with prejudice the cause of action set forth in their second amended complaint. This judgment was entered pursuant to an order of the trial court sustaining, without leave to amend, the general and special demurrers of the defendant Los Angeles & Salt Lake Railroad Company. This appeal presents precisely the same legal problems as are involved in the case of *Lemon* v. *Los Angeles & Salt Lake Railroad Company,* First Civil No. 11288, *supra,* page 659 [102 Pac. (2d) 387], this day decided.

In this case the plaintiffs named only the Los Angeles & Salt Lake Railroad Company as defendant. So far as is pertinent here, the second amended complaint alleges that in 1901 plaintiff Angie Wingard and her husband (since deceased and whose estate is made a party plaintiff) owned certain described real property in Los Angeles County; that

on December 26, 1901, plaintiff and her husband conveyed this described real property to defendant; that thereafter the defendant constructed a branch steam railway system from Signal Hill to Long Beach with its termini on the real property here involved; that defendant constructed on this property a railroad depot house and yards used in the operation of the railroad; that on August 3, 1932, defendant filed an application with the interstate commerce commission requesting permission to abandon the route and termini of portions of its line including that portion of its line and termini constructed on the real property here involved; that the interstate commerce commission granted such permission on October 24, 1932; that upon the order of abandonment becoming effective the defendant abandoned its termini and railroad on the real property here involved and ever since has continued to abandon said termini and railroad for railroad purposes and has used the former depot for purposes other than operating a railroad.

It is to be noted that in this case there is no allegation of permission sought or secured from the state railroad commission. The order of the interstate commerce commission referred to is not the same order as was involved in the Lemon case. These differences, however, in no way alter the legal principles involved.

It is to be noted that the second amended complaint does not allege that the deed from appellants to respondent was limited in any way. It is conceded by appellants that the deed was without qualification as to use, and was sufficient in form to convey to the named grantee title in fee simple absolute.

The demurrers were properly sustained for exactly the same reasons as are set forth in full in our decision in the Lemon case, *supra*. No useful purpose would be served by repeating what was there said. Upon the authority of, and for the reasons set forth in our decision in *Lemon* v. *Los Angeles & Salt Lake Railroad Company*, First Civil No. 11288, *supra*, page 659 [102 Pac. (2d) 387], the judgment appealed from is affirmed.

Knight, J., and Ward, J., concurred.